UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

BRENDA ELLIOTT )
 )
v. ) NO. 2:04-CV-413
 )
QUEBECOR WORLD (USA) INC. )

## MEMORANDUM OPINION

This is an action for disability retirement benefits under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 *et seq.*, brought by Brenda Elliott, a former employee of Quebecor World (USA) Inc. [Quebecor] against the company. The action is now before this court on cross-motions for a judgment on the basis of the Administrative Record [AR].

The court notes at the outset that both parties agree that the policy language gives discretionary authority to the plan administrator, which is Quebecor, to determine eligibility for benefits and to interpret the terms and provisions of the policy. [AR 63]. Accordingly, the facts of this case will be reviewed on an abuse of discretion standard. In order to prevail under this standard, Ms. Elliott must prove not only that the company's benefit determination was incorrect but that its decision was arbitrary and capricious.

Under the plan's disability retirement benefits policy, there is a requirement that the person's service or employment with the company must end because of her total and permanent disability. [AR 63]. The "end" may come through retirement, resignation, discharge or death because of the disability. [AR 59].

Ms. Elliott's last day of work at the Quebecor plant was January 11, 2002, according to a memorandum by Tabetha Church, Human Resources/Benefits Administrator for Quebecor. [AR 01, 49]. In addition, time sheets from January 2002 show Ms. Elliott worked every weekday up until and including January 11, 2002. [AR 47-48]. Her employment was severed on January 12, 2002 because the plant at which she worked was closed.[1] [AR 02, 45]. On May 8, 2003, Ms. Elliott's request for a disability pension was denied because her "disability did not occur or arise until after [her] date of termination from Quebecor." [AR 03]. It was also noted that Ms. Elliott's service with the company was not ended by her total and permanent disability, as required under the plan. [*Id.*].

For the following reasons, this court agrees with the decision of the plan administrator that Ms. Elliott's service ended by virtue of her plant closing and not because her disability. Ms. Elliott's service ended on January 11, 2002. [AR 01, 47-

---

[1] This is also the date the Social Security Administration found Ms. Elliott to be "continuously disabled." [AR 01, 26].

48]. Her service ended because the plant at which she worked closed. [AR 02, 45]. Consequently, in contravention of the plan requirements, Ms. Elliott was not employed by Quebecor on January 12, 2002, and her service to the company ended because the plant closed, not because she was totally and permanently disabled.

After careful consideration of the entire record of proceedings related to this case, this court finds that the plan administrator's decision that Ms. Elliott's disability did not occur or arise until after she was no longer working at Quebecor was neither incorrect nor arbitrary and capricious.

Accordingly, Ms. Elliott's motion for summary judgment will be denied, the defendant's motion for summary judgment will be granted, and this action will be dismissed.

An appropriate order will follow.

ENTER:

    s/Thomas Gray Hull
THOMAS GRAY HULL
  SENIOR U. S. DISTRICT JUDGE